### In re the MARRIAGE OF Raymond William ZIMMERMAN, Appellee,

### and

### Glenda Marie Zimmerman, Appellant.

### No. 84CA0245.

Colorado Court of Appeals, Div. II.

Jan. 30, 1986.

Hughes & Amatuzio, Barbara B. Hughes, Kevin F. Amatuzio, Denver, for appellee.

Eckelberger & Feldman, Jerrie F. Eckelberger, Littleton, for appellant.

SMITH, Judge.

This is an appeal from the final orders entered in a dissolution of marriage action. Glenda Zimmerman (wife) asserts that the trial court erred in that portion of its order dividing the property of the parties. We perceive no error and thus affirm.

Prior to their marriage, the parties, each of whom had been previously married, executed a written pre-nuptial agreement preserving to each their respective separate assets. Husband's assets consisted largely of his stock in R & R Distributing Co., Inc., a costume jewelry business. Wife's assets included the proceeds from the sale of a prior residence and a trust which she had received by inheritance.

The marriage, which lasted less than four years, produced no children. Neither maintenance nor attorneys fees were awarded by the court, nor are they an issue on appeal. The sole issue is the correctness of the trial court's order dividing marital assets and liabilities.

Within days after they married, the parties were offered the opportunity to purchase an ornament business. Husband's corporation, R & R, borrowed $15,000 from wife's residence fund and gave her a promissory note therefor. At the time of dissolution that note remained unpaid. The loaned funds plus the assets of R & R and other funds borrowed from a bank ultimately were used by the parties to capitalize a new corporation, Adorn Manufacturing, Inc. (Adorn). Fifty-one percent of the stock in Adorn was allocated to husband and forty-nine percent to wife.

During the first two years of the marriage, while the parties were living together, both husband and wife worked together for Adorn or its predecessor which paid salaries to both as well as their living expenses. After the separation of the parties, husband continued to operate Adorn. By the time of the dissolution decree, however, Adorn had failed and only its debts remained. The record indicates that litigation on certain personal guarantees for the bank loans to Adorn is presently pending against the parties.

The trial court, in its final orders, accepted the parties' stipulation that they had divided all clearly marital property and ordered each to be responsible for those debts listed on their individual financial affidavits. The court acknowledged the ante-nuptial agreement when it ordered that:

"All property which was deemed to be the separate property of the parties and which was incorporated into the pre-nup-

tial agreement shall remain the parties' sole and separate property."

In this regard the court additionally ordered that:

"The note executed by Petitioner Husband to Respondent Wife ... in the amount of $15,000 is hereby deemed to be the separate property and separate asset of Respondent Wife."

Thus, the court ratified wife's separate ownership of her trust fund as well as any balance remaining in the proceeds from the sale of her prior residence. It also traced the $15,000 of those proceeds to the note and ratified wife's entitlement to that note pursuant to § 14–10–113(2)(b) C.R.S.

The trial court ruled that Adorn was marital property and assigned its ownership to the parties according to their stock ownership—51% to husband and 49% to wife. In effect this ruling imposed upon wife 49% of the outstanding liabilities of the defunct Adorn. We perceive no error in this ruling.

 The evidence disclosed that husband invested his entire separate property, R & R, in Adorn and that wife invested at least her time as well as her credit. In any event the parties agreed that their respective ownership interests would be 49% and 51% respectively. The parties were free to enter into such a business agreement even though they had previously entered into an antenuptial agreement. However, the trial court found in essence, and we agree, that insofar as any previously separate property was invested in the business, and, as to the operation and division of the business, they abandoned the antenuptial agreement. *See In re Marriage of Young,* 682 P.2d 1233 (Colo.App.1984).

The trial court correctly observed in its oral findings that these joint ventures were such that "each [party] assumed a risk and would have shared in the profits, had there been any...."

Wife argues that, because she did not share in the earnings of Adorn during the months of the parties' separation, she should not be liable for her agreed share of the debts. This argument is without any legal merit. No evidence was presented to indicate that husband had either mismanaged the business during that period or had intentionally done anything to diminish the value of her interest. We conclude the trial court properly awarded her entire interest, albeit a negative one, to her.

We conclude that the factual findings made by the trial court are amply supported by the evidence, that the trial court correctly applied the law, and that it did not abuse its discretion in dividing the marital property.

Judgment affirmed.

TURSI and METZGER, JJ., concur.